## UNITED STATES COURT OF FEDERAL CLAIMS
### (Bid Protest)

EKAGRA PARTNERS, LLC *et al.*,

            Consolidated Plaintiffs,

v.

UNITED STATES,

            Defendant,

NOVILO TECHNOLOGY
SOLUTIONS, LLC *et al.*,

            Defendant-Intervenors.

Nos. 23-1610, 23-1667, 23-1668, 23-1675, 23-1676, 23-1721, 23-1792, 23-1814, 23-1844

Judge Holte

### CHEVO CONSULTING, LLC'S
### <u>MOTION TO INTERVENE</u>

       As an awardee under Solicitation No. 70B04C23QOITESB2, Chevo Consulting moves to intervene in this protest.

       Chevo's intervention is appropriate under RCFC 24(a)(2): it has an interest in the award being challenged under the protest "and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests, unless existing parties adequately represent that interest." Proceeding with this protest without Chevo's involvement will impair Chevo's ability to proceed with the award. The government and the existing Defendant-Intervenors, moreover, will defend their own interests, not Chevo's. Therefore, proceeding without Chevo will deprive Chevo the opportunity to protect its interests. *See Coastal Int'l Sec., Inc. v. United*

*States*, 93 Fed. Cl. 502, 526 (2010) (allowing awardee to intervene in protest in part because the Government is not responsible for representing the awardee's interests).

Though we understand this protest was filed a few months ago, we are familiar with the October 11 Scheduling Order (Dkt. #36). Chevo is committed to meeting the deadlines established in this order and, therefore, its intervention will not delay resolution.

Chevo meets the "minimal burden" needed to intervene as of right. *Northrop Grumman Info. Tech., Inc. v. United States*, 74 Fed. Cl. 407, 417 (2006); *see also Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989) (the rule's requirements "are to be construed in favor of intervention"). But if not allowed to intervene as of right, Chevo should be permitted to intervene under RCFC 24(b). It has a common claim or defense relating to this action and its intervention will not delay resolution.

For these reasons, the Court should allow Chevo to intervene in this protest.

November 6, 2023

Respectfully submitted,

*s/ Matthew T. Schoonover*
Matthew T. Schoonover
SCHOONOVER & MORIARTY LLC
130 N. Cherry Street, Ste. 300
Olathe, Kansas 66061
(913) 354-2630
*mschoonover@SchoonoverLawFirm.com*

*Counsel for Chevo Consulting, LLC*